UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOBY J. MASSE,<br><br>              Plaintiff,<br><br>    vs.<br><br>MAGGIE MILLER-STOUT, UNIT SUPERVISOR BECERRA, COUNSELOR WATKINS, and SECRETARY JOHN DOE #1,<br><br>              Defendants. | NO.  CV-08-023-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION FOR FAILURE TO EXHAUST |

   BEFORE THE COURT is Plaintiff's timely Objection to the Report and Recommendation to dismiss this action for failure to exhaust administrative remedies (Ct. Rec. 24).  Plaintiff, a prisoner at the Stafford Creek Corrections Center, is proceeding *pro se*; Defendants have not been served.

   In response to the Report and Recommendation, Plaintiff asserts he has exhausted all available administrative remedies; *sua sponte* dismissal is improper; and dismissal will not further the goals of the Prisoner Litigation Reform Act.

   Even if Plaintiff has now exhausted his administrative remedies, he did not do so prior to filing this action.  As previously advised, exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  Plaintiff did not comply with 42

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING ACTION FOR FAILURE TO EXHAUST -- 1

U.S.C. § 1997e(a).

Next, Plaintiff contends he was not properly notified of the procedure by which the court has decided to dismiss his case. To the contrary, Plaintiff was granted an opportunity, first to show cause why this action should not be dismissed for failure to exhaust administrative remedies, and then to file objections to the Report and Recommendation. Plaintiff's assertion is not well taken.

Finally, Plaintiff asserts the goals of the Prison Litigation Reform Act are to "provide prisoners with a fair opportunity to correct their own errors, reduce the quantity of prisoner suits, and improve the quality of prisoner suits by creating an administrative record." He states he will re-file if his case is dismissed, which he claims does not achieve these goals. The court finds the aforementioned goals are not diminished by enforcing compliance with the requirements of 42 U.S.C. § 1997e(a).

For the reasons set forth above and in the Report and Recommendation, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 23) is **ADOPTED in its entirety,** and the action is **DISMISSED without prejudice.** While dismissal for exhaustion is ostensibly for failure to state a claim upon which relief may be granted[1], the court will not

---

[1] *See Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), citing with approval, *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)).

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING ACTION FOR FAILURE TO EXHAUST -- 2

count this dismissal as one under 28 U.S.C. § 1915(g), which might limit Plaintiff's ability to file actions *in forma pauperis* in the future. Plaintiff is free to file a new action if he has, indeed, fully exhausted his administrative remedies. He is responsible to pay the full filing fee in this action, and in any future action he chooses to file.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Plaintiff and close the file.

**DATED** this ___27th___ day of August, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE